# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-165-D |
| | ) | (Case No. CIV-18-897-D) |
| TROY DEWAYNE HOWARD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant Troy Dewayne Howard's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 15] and Motion to Amend 28 U.S.C. § 2255 Motion [Doc. No. 16]. In response, the United States asserts that Defendant's motions are time-barred under 28 U.S.C. § 2255(f). [Doc. No. 18]. Defendant has responded in opposition to the United States' request that Defendant's motions be dismissed as untimely. [Doc. No. 19]. Upon examination of the parties' submissions and the case record, the Court finds that Defendant's § 2255 motion and amended motion should be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2013, Defendant pled guilty to a one-count Information charging him with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). On January 30, 2014, Defendant was sentenced to the custody of the Bureau of Prisons for a term of imprisonment of 235 months. Defendant did not file a direct appeal. Defendant filed his § 2255 motion on September 11, 2018.

# DISCUSSION

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. 28 U.S.C. § 2255(f). The limitation period runs from the latest of four specified dates. *Id.* In most cases, the operative date for measuring the limitation period is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court imposed judgment on January 30, 2014, and the written judgment was filed on the docket on January 31, 2014. Because no appeal was taken, the judgment became final 14 days later on February 14, 2014, when the time to appeal expired.[1] *See* FED. R. APP. P. 4(b); *see also United States v. Prows*, 448 F.3d 1223, 1227-1228 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). The one-year period for filing a motion under § 2255 began to run on February 15, 2014, and expired on February 16, 2015. *See United States v. Penn*, 153 Fed. Appx. 548, 550 (10th Cir. Nov. 10, 2005) (unpublished)[2] (concluding that the day of the act from which the designated period of time begins to run shall not be included and that the last day of the limitations period cannot be a Saturday, a Sunday, or a legal holiday). To excuse his late filing, Defendant invokes the doctrine of equitable tolling.

"Under the doctrine of equitable tolling, [the Tenth Circuit] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional

---

[1] "A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket." FED. R. APP. P. 4(b)(6).

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

2

circumstances.'" *United States v. Alvarado-Carrillo,* 43 Fed. Appx. 190, 192 (10th Cir. May 17, 2002) (unpublished)[3] (*quoting Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted)).  A prerequisite to any application of equitable tolling, however, is a finding that "[the] petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").

Defendant asserts that he "has been in and out of mental hospitals since the age of [seven] … has mild mental retardation … and suffers from Schizoaffective disorder, Bi-polar disorder and borderline intellectual functioning." [Doc. No. 15 at 13].  He contends that he was unable to pursue his federal habeas claims because of his mental illness and mental retardation; thus, he asks that the Court apply the equitable tolling doctrine. "Allegations of mental incompetence alone, however, are generally insufficient to warrant equitable tolling." *Wiegand v. Zavares*, 320 Fed. Appx. 837, 839 (10th Cir. April 7, 2009) (unpublished).[4]  Equitable tolling based on mental incapacity "is warranted only in 'exceptional circumstances' that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Id.* (*quoting Biester v. Midwest*

---

[3] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

[4] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

3

*Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)). Defendant "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

To support his claim, Defendant attaches a psychological report prepared by Curtis T. Grundy, Ph.D., a licensed psychologist, who evaluated Defendant on November 5, 2013, after Defendant's plea but before his sentencing. [Doc. No. 15-1]. Defendant also attaches a letter that an inmate wrote on Defendant's behalf to the Wrongful Conviction Center on June 11, 2018. [Doc. No. 15-2].

There is no evidence of record that Defendant has ever been adjudicated incompetent. He did undergo inpatient hospitalizations and residential treatment due to emotional and behavioral problems as a child and an adolescent. Further, during his incarceration in the Oklahoma Department of Corrections he was transferred to the Joseph Harp Mental Health Unit before his discharge in 2008. However, Defendant's last documented mental health treatment was in 2009. Although Dr. Grundy diagnosed him with Schizoaffective Disorder, Bipolar Type, and Borderline Intellectual Functioning in 2013, Dr. Grundy never expressed concerns about Defendant's competency or his ability to participate in legal proceedings. Defendant contends in his letter to the Wrongful Conviction Center that he did not understand his actions; however, Dr. Grundy opined that it was "evident" that Defendant "retained cognizance of the nature and wrongfulness of his behavior." [Doc. No. 15-1 at 10].

Defendant has not shown that he diligently pursued his federal habeas claims or that there was an impediment to a timely filing. Defendant was able to file his § 2255 motion

on September 11, 2018, but he does not explain why he could not have filed it within the one-year limitations period. The materials he does provide do not show that his mental health significantly impaired his ability during the one-year limitations period to file his § 2255 motion. *See, e.g., United States v. Espinoza*, 536 Fed. Appx. 833, 834 (10th Cir. Nov. 1, 2013) (unpublished)[5] (denying the defendant's request for a certificate of appealability where district court rejected the defendant's claim of equitable tolling because the defendant failed to show that he was diligent in pursuing his post-conviction remedies and failed to demonstrate that his mental illness significantly impaired his ability to file a timely § 2255 motion); *United States v. Sayetsitty*, 2006 WL 1722300, at *4 (D. Ariz. June 19, 2006) (rejecting movant's argument for equitable tolling based on physical illness and mental incompetency where the movant failed to present any evidence that the alleged infirmity and incompetence prevented him from filing a timely § 2255 motion).

Rather, Defendant's filings demonstrate his "competence to understand the proceedings, and to marshal arguments and authorities in support of his cause." *Sayetsitty*, 2006 WL 1722300, at *4 (internal quotation marks and citation omitted). Defendant has not presented any evidence, such as medical records or affidavits signed by physicians who have examined or treated him in prison, to support a finding that a mental illness prevented him from filing a § 2255 motion on time. *See Shafer v. Knowles,* 2003 WL 22127878, at *2-3 (N.D. Cal. Aug. 14, 2003) (holding that the petitioner had not shown that his mental illness rendered him unable to pursue his legal rights during the relevant time period).

---

[5] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

5

Defendant has not demonstrated the extraordinary circumstances required to justify equitable tolling of the limitations period for seeking relief pursuant to § 2255.

## CONCLUSION

For these reasons, the Court finds that Defendant cannot overcome the one-year time limit of § 2255(f), and his § 2255 motion and amended motion are time barred. The Court finds that an evidentiary hearing is unnecessary.[6]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration,

---

[6] Because the existing record conclusively shows Defendant is not entitled to relief, no evidentiary hearing is needed. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255(b).

6

the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS THEREFORE ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 15] and Motion to Amend 28 U.S.C. § 2255 Motion [Doc. No. 16] are **DENIED**.

**IT IS SO ORDERED** this 18th day of November 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge